UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-22227-FAM

SILVIA JANET BERTALMIO,

       Plaintiff,

vs.

DAIANA BAJUK,
JAVIER MARKOWICZ,

       Defendants.

_____

**FIRST AMENDED COMPLAINT UNDER 29 U.S.C. 201- 216 MINIMUM WAGE VIOLATIONSAND FLORIDA MINIMUM WAGE UNDER FLORIDA STATUTE § 448.110[1]**

Plaintiff, SILVIA JANET BERTALMIO, through undersigned counsel, files this Complaint against Defendants, DAIANA BAJUK and JAVIER MARKOWICZ, and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Miami-Dade County, Florida at the time that this dispute arose.

3. The individual Defendant DAIANA BAJUK resides in and/or regularly transacts business within Miami-Dade County. The individual Defendant DAIANA BAJUK was responsible for paying Plaintiff's wages for Plaintiff's respective period of employment ("the relevant time period") and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203 (d).

---

[1] This First Amended Complaint is being filed pursuant to Fed. R. Civ. P. 15(a)(1)(B). Per the rule, a party may amend its pleading once as a matter of course within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b),(e), or (f), whichever is earlier, if the pleading is one which requires a responsive pleading. Fed. R. Civ. P. 15(a)(1)(B). Defendants have not filed a responsive pleading or served a motion under Rule 12(b), (e), or (f), to date and, as such, the 21 day period has not commenced.

4. The individual Defendant JAVIER MARKOWICZ resides in and/or regularly transacts business within Miami-Dade County. The individual Defendant JAVIER MARKOWICZ was responsible for paying Plaintiff's wages for the relevant time periodand controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203 (d).

5. All acts or omissions giving rise to this dispute took place in Miami-Dade County.

### COUNT I. FEDERAL MINIMUM WAGE VIOLATION

6. This action arises under the laws of the United States.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

8. 29 U.S.C. § 206(a)(1) states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:except as otherwise provided in this section, not less than— $5.85 an hour, beginning on the 60th day after May 25, 2007; $6.55 an hour, beginning 12 months after that 60 th day; and$7.25 an hour, beginning 24 months after that 60th day…" On July 24, 2007 Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

9. Plaintiff worked for Defendants as a domestic live-in housekeeper at Defendants' residence

from on or about May 29, 2016 through on or about May 16, 2018.

10. 29 U.S.C. 202 (a) states "[t]hat Congress further finds that the employment of persons in domestic service in households affects commerce." As Plaintiff was employed by Defendants as a domestic service employee, Plaintiff's work for Defendants is covered under the Fair Labor Standards Act.

11. 29 C.F.R. 552.99 states "Congress in section 2(a) of the Act specifically found that the employment of persons in domestic service in households affects commerce. In the legislative history it was pointed out that employees in domestic service employment handle goods such as soaps, mops, detergents, and vacuum cleaners that have moved in or were produced for interstate commerce and also that they free members of the household to themselves to engage in activities in interstate commerce (S. Rep. 93-690, pp. 21-22). The Senate Committee on Labor and Public Welfare "took note of the expanded use of the interstate commerce clause by the Supreme Court in numerous recent cases (particularly *Katzenbach v. McClung*, 379 U.S. 294 (1964))," and concluded "that coverage of domestic employees is a vital step in the direction of ensuring that all workers affecting interstate commerce are protected by the Fair Labor Standards Act" (S. Rep. 93-690, pp. 21-22)."

12. Additionally, Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff handled and/or used on a constant and/or continual basis and/or that were supplied to Plaintiff by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while she worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

13. 29 C.F.R. 785.22 states also that "[w]here an employee is required to be on duty for 24 hours or more, the employer and the employee may agree to exclude bona fide meal periods and a bona fide regularly scheduled sleeping period of not more than 8 hours from hours worked, provided adequate sleeping facilities are furnished by the employer and the employee can usually enjoy an uninterrupted night's sleep. If sleeping period is of more than 8 hours, only 8 hours will be credited. Where no expressed or implied agreement to the contrary is present, the 8 hours of sleeping time and lunch periods constitute hours worked. If the sleeping period is interrupted by a call to duty, the interruption must be counted as hours worked. If the period is interrupted to such an extent that the employee cannot get a reasonable night's sleep, the entire period must be counted." It further states that "if the employee cannot get at least 5 hours' sleep during the scheduled period the entire time is working time."

14. Between the period of on or about May 29, 2016 through on or about May 16, 2018, Plaintiff worked an average of 105 hours a week. Plaintiff was paid an average of 6.19/hr for said work in violation of the Fair Labor Standards Act as said payment of $6.19/hr did not meet the applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiff claims the difference between the amount paid to Plaintiff and the applicable minimum wage for all hours works for said time period.

15. The Defendants' wage payment practices to Plaintiff for this time period did not meet the federal minimum wage law requirements as Plaintiff was not paid the required federal minimum wage for all hours worked and is therefore claiming federal minimum wage violations.

16. Defendants willfully and intentionally refused to pay Plaintiff's minimum wages as required by the Fair Labor Standards Act as Defendants knew of the Federal Minimum Wage

requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, Plaintiff requests double damages and reasonable attorney fees from the Defendants pursuant to the Fair Labor Standards Act and as cited above, to be proven at the time of trial for all minimum wages still owing from Plaintiff's entire employment period with Defendants or, as much as allowed by the Fair Labor Standards Act --whichever is greater along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury*.

## COUNT II. FLORIDA MINIMUM WAGE VIOLATIONAGAINST DEFENDANTS, JOINTLY AND SEVERALLY

COMES NOW PLAINTIFF, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-16 above and further states:

17. Florida Statute § 448.110 (3) states "Effective May 2, 2005, employers shall pay employees a minimum wage at an hourly rate of $6.15 for all hours worked in Florida. Only those individuals entitled to receive the federal minimum wageunder the federal Fair Labor Standards Act and its implementing regulations shall be eligible to receive the state minimum wage pursuant to s. 24, Art. X of the State Constitution and this section. The provisions of ss. 213 and 214 of the federal Fair Labor Standards Act, as interpreted by applicable federal regulations and implemented by the Secretary of Labor, are incorporated herein." [Fla. Stat. §

448.110 (3)].

18. Florida Statute § 448.110 (4)(a) states "Beginning September 30, 2005, and annually on September 30 thereafter, the Agency for Workforce Innovation shall calculate an adjusted state minimum wage rate by increasing the state minimum wage by the rate of inflation for the 12 months prior to September 1."

19. Fed. R. Civ. P. 5(b)(1) states that: "If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party."

20. All conditions precedent pursuant to §448.110 have been met by Plaintiff to seek toadd Plaintiff's minimum wage claims against the Defendants.

21. On May 28, 2018, Plaintiff initially sent via email (to: [jmarkowicz@mrkinternationallaw.com](jmarkowicz@mrkinternationallaw.com)) and certified U.S Mail the required Florida Minimum Wage Notices to the Defendants pursuant to Florida Statute § 448.110(6)(a). Per the United Stated Postal Service Tracking Results, all Defendants were served with the Notices on May 31, 2018.

22. Florida Statute §448.110(6)(b) provides that upon receipt of said Florida Minimum Wage Notice "The employer shall have 15 calendar days after receipt of the notice to pay the total amount of unpaid wages or otherwise resolve the claim to the satisfaction of the person aggrieved." The 15 calendar days from the May 31, 2018, date expired on June 15, 2018. As of the date of filing the instant First Amended Complaint, the Plaintiff and the Defendants have been unable to resolve said Florida Minimum Wage violation.

23. As of May 2, 2005, Florida's minimum wage was raised to $6.15/hr. On January 1, 2006 the Florida Minimum Wage was raised to $6.40/hr. On January 1, 2007 the Florida Minimum Wage was raised to $6.67/hr. On January 1, 2008 the Florida Minimum Wage was raised to

$6.79/hr. On January 1, 2009 the Florida Minimum Wage was raised to $7.21/hr. On June 1, 2011, the Florida minimum wage was increased to $7.31/hr. On January 1, 2012, the Florida minimum wage was increased to $7.67/hr. On January 1, 2013, the Florida minimum wage was increased to $7.79/hr. On January 1, 2014, the Florida minimum wage was increased to $7.93/hr. On January 1, 2015, the Florida minimum wage was increased to $8.05/hr. Minimum wage claims are brought pursuant to the Florida Constitution and the Fair Labor Standards Act.On January 1, 2017, the Florida minimum wage was increased to $8.10/hr. Minimum wage claims are brought pursuant to the Florida Constitution and the Fair Labor Standards Act.

24. Between the period of on or about May 29, 2016 through on or about May 16, 2018, Plaintiff worked an average of 105 hours a week. Plaintiff was paid an average of 6.19/hr for said work which did not meet the applicable Florida minimum wage for said time period as required by the Florida Constitution.[2] Therefore, Plaintiff claims difference between Plaintiff's average hourly rate of $6.19/hr and the applicable minimum wage rate for all hours worked.

25. The Defendant's wage payment practices to Plaintiff for the above mentioned time periods, did not meet the Florida minimum wage law requirements as Plaintiff was not paid the required Florida minimum wage for all hours worked and is therefore claiming the difference between the amount paid to Plaintiff and the applicable Florida minimum wage for the time period specified above.

26. Defendant willfully and intentionally refused to pay Plaintiff's minimum wages as required by the Fair Labor Standards Act as Defendant knew of the Florida Minimum Wage

---

[2] To the extent Plaintiff's claim for Florida Minimum Wage overlaps Plaintiff's claim for Federal Minimum Wage payments, Plaintiff is claiming the higher of the two applicable rates.

requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendant's payroll practices were in accordance with the Florida Constitution and the Fair Labor Standards Act. Defendant remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant for the time period specified above.

Wherefore, the Plaintiff request double damages and reasonable attorney fees from the Defendant pursuant to the Florida Constitution as cited above, to be proven at the time of trial for all minimum wages still owing from Plaintiff's entire employment period with Defendant or, as much as allowed by the Florida Constitution, along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

        Respectfully Submitted,

        J.H. Zidell, Esq.
        J.H. Zidell, P.A.
        Attorney For Plaintiff
        300 71st Street, Suite 605
        Miami Beach, Florida 33141
        Tel: (305) 865-6766
        Fax: (305) 865-7167
        E-mail: zabogado@aol.com

        By:__/s/ J.H. Zidell_____
           J.H. Zidell, Esq.
        Florida Bar Number: 0010121