UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-22227-CIV-FAM

SILVIA JANET BERTALMIO,                )
                                       )
            Plaintiff,                 )
     vs.                               )
                                       )
DAIANA BAJUK,                          )
JAVIER MARKOWICZ,                      )
                                       )
            Defendants.                )
                                       )

**PLAINTIFF'S RESPONSE IN OPPOSITION TO [DE10]**

NOW COMES the Plaintiff, by and through counsel, and Responds in Opposition to Defendants' Motion for Extension of Time, filed as [DE10], and in support thereof states as follows:

1. Defense Counsel, Fernando Bobadilla, Esq., contacted the undersigned on June 27, 2018, to request Plaintiff's position on a Motion for Extension of Time.

2. The undersigned in responding requested of counsel to clarify whether Defendants were challenging service and to advise how much of an extension counsel would be seeking. Defense counsel never responded to the conferral email and filed the instant Motion. [DE10].

3. Local Rule 7.1(a)(3) requires that parties engage in good faith conferral before the filing of any motion in this district, and when filing said motion the moving counsel shall include a certification above the counsel's signature block detailing his conferral or conferral attempts.

4. Failure to comply with Local Rule 7.1(a)(3) "may be cause for the Court to grant or deny the motion and impose on counsel an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee." **Defendants failure to confer in good faith is grounds alone for denial of the pending Motion [DE10].**

5. As Magistrate Judge Goodman has noted, "[s]trict compliance with Local Rule 7.1(a)(3) is very important." *Marler v. U-Store-It Mini Warehouse Co.*, 2011 WL 1430262 at *2 (S.D. Fla. April 14, 2011). The Rule lists a number of motions excluded from the conferral requirement, but a motion such as this is not an excluded motion under Local Rule 7.1(a)(3).[1]

6. Defendants' Motion [DE10] fails to comply with Local Rule 7.1(a)(3). Defendants failed to confer **in good faith** with Plaintiff's counsel prior to the filing of the subject Motion [DE10] pursuant to S.D.L.R. 7.1(a)(3) and this should be grounds alone for denial.

WHEREFORE PLAINTIFF RESPECTFULLY REQUEST THE COURT DENY DEFENDANTS' MOTION IN ITS ENTIRETY.

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFF
300-71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141
305-865-6766

---

[1] Motions excluded from the conferral requirement are "a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, or to involuntarily dismiss an action." Local Rule 7.1(a)(3).

305-865-7167

By:_s/ Rivkah F. Jaff, Esq. ___
Rivkah F. Jaff, Esquire
Florida Bar No.: 107511

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF ON 7/3/18 TO:**

**ALL CM/ECF RECIPIENTS**

**BY:_____/s/ Rivkah F. Jaff_____**
**RIVKAH F. JAFF, ESQ.**