UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 18-cv-22227-FAM

SILVIA JANET BELTALMINO,
an individual,

       Plaintiff,

v.

DAIANA BAJUK, an individual, and
JAVIER MARKOWICZ, an individual,

       Defendant.

## JAVIER MARKOWICZ'S ANSWER, DEFENSES, AND AFFIRMATIVE DEFENSES

Defendant, JAVIER MARKOWICZ, by and through undersigned counsel, hereby files his Answer, Defenses, and Affirmative Defenses and states:

1. Defendant admits the allegations in paragraph 1 of Plaintiff's Amended Complaint.

2. Defendant admits Plaintiff resided in Miami-Dade County. Defendant is without knowledge sufficient to either admit or deny the remaining allegations in paragraph 2 of Plaintiff's Complaint; therefore denied.

3. Defendant admits the allegations in paragraph 3 of Plaintiff's Amended Complaint that Defendant DAIANA BAJUK ("Bajuk") resides and works in Miami-Dade

County, Florida. Defendant is without knowledge sufficient to either admit or deny the remaining allegations; therefore denied.

4. Defendant denies the allegations in paragraph 4 of Plaintiff's Amended Complaint.

5. Defendant is without knowledge sufficient to either admit or deny the allegations in paragraph 5 of Plaintiff's Amended Complaint; therefore denied.

## COUNT I. FEDERAL MINIMUM WAGE VIOLATION

6. Defendant is without knowledge sufficient to either admit or deny the allegations in paragraph 6 of Plaintiff's Amended Complaint; therefore denied.

7. Defendant admits the allegations in paragraph 7 of Plaintiff's Amended Complaint.

8. Defendant is without knowledge sufficient to either admit or deny the allegations in paragraph 8 of Plaintiff's Amended Complaint; therefore denied.

9. Defendant denies the allegations in paragraph 9 of Plaintiff's Amended Complaint.

10. Defendant denies the allegations in paragraph 10 of Plaintiff's Amended Complaint that Plaintiff was employed by Defendant. Defendant is without knowledge sufficient to either admit or deny the remaining allegations; therefore denied.

11. Defendant is without knowledge sufficient to either admit or deny the allegations in paragraph 11 of Plaintiff's Amended Complaint; therefore denied.

12. Defendant denies the allegations in paragraph 12 of Plaintiff's Amended Complaint that Plaintiff was employed by Defendant. Defendant is without knowledge sufficient to either admit or deny the remaining allegations; therefore denied.

13. Defendant is without knowledge sufficient to either admit or deny the allegations in paragraph 13 of Plaintiff's Amended Complaint; therefore denied.

14. Defendant denies the allegations in paragraph 14 of Plaintiff's Amended Complaint.

15. Defendant denies the allegations in paragraph 15 of Plaintiff's Amended Complaint that Defendant had wage practices. Defendant did not employ Plaintiff. Defendant is without knowledge sufficient to either admit or deny the remaining allegations; therefore denied.

16. Defendant denies the allegations in paragraph 16 of Plaintiff's Complaint.

### COUNT II. FLORIDA MINIMUM WAGE VIOLATION
### AGAINST DEFENDANTS, JOINTLY AND SEVERALLY

17. Defendant is without knowledge sufficient to either admit or deny the allegations in paragraph 17 of Plaintiff's Amended Complaint; therefore denied.

18. Defendant is without knowledge sufficient to either admit or deny the allegations in paragraph 18 of Plaintiff's Amended Complaint; therefore denied.

19. Defendant is without knowledge sufficient to either admit or deny the allegations in paragraph 19 of Plaintiff's Amended Complaint; therefore denied.

20. Defendant is without knowledge sufficient to either admit or deny the allegations in paragraph 20 of Plaintiff's Amended Complaint; therefore denied.

21. Defendant is without knowledge sufficient to either admit or deny the allegations in paragraph 21 of Plaintiff's Amended Complaint; therefore denied.

22. Defendant is without knowledge sufficient to either admit or deny the allegations in paragraph 22 of Plaintiff's Amended Complaint; therefore denied.

23. Defendant is without knowledge sufficient to either admit or deny the allegations in paragraph 23 of Plaintiff's Amended Complaint; therefore denied.

24. Defendant denies the allegations in paragraph 24 of Plaintiff's Amended Complaint that Plaintiff worked 105 hours a week, that Plaintiff was paid an average of $6.19/hr for said work, and that Plaintiff's compensation did not meet the applicable Florida minimum wage.  Defendant admits Plaintiff makes claims for money.  Defendant denies Plaintiff is entitled to the relief she claims.

25. Defendant denies the allegations in paragraph 25 of Plaintiff's Amended Complaint that Defendant had wage practices.  Defendant did not employ Plaintiff.  Defendant admits Plaintiff makes claims for money.  Defendant denies Plaintiff is entitled to the relief she claims.

26. Defendant denies the allegations in paragraph 26 of Plaintiff's Amended Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Amended Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

Case No. 18-cv-22227-FAM

### Third Affirmative Defense

Defendant invokes the defenses, protections and limitations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA").

### Fourth Affirmative Defense

Defendant acted in good faith and had reasonable grounds for believing Defendant's actions were in compliance with the FLSA.

### Fifth Affirmative Defense

Defendant did not know or show reckless disregard for whether Defendant's conduct was prohibited by the FLSA.

### Sixth Affirmative Defense

This action is barred to the extent Plaintiff seeks recovery for time that is not compensable time, i.e. "hours worked" under the FLSA.

### Seventh Affirmative Defense

In the alternative, Defendant is entitled to offset monies or other consideration paid or provided to Plaintiff by Defendant for periods in which Plaintiff was not engaged to work.

### Eight Affirmative Defense

To the extent that Plaintiff may seek punitive damages, Plaintiff's recovery is limited by applicable provisions of the FLSA and the Florida and/or United States Constitutions.

### Ninth Affirmative Defense

Any award of punitive damages to Plaintiff in this case would be in violation of the FLSA and the constitutional safeguards provided to Defendant under the Constitution of the United States and/or the laws of the State of Florida.

### Tenth Affirmative Defense

Plaintiff is not entitled to punitive/liquidated damages as Defendant did not act or fail to act in a manner sufficient to give rise to punitive/liquidated damages liability.

### Eleventh Affirmative Defense

To the extent Plaintiff seeks damages not recoverable under the FLSA, Plaintiff is barred from such recovery.

### Twelfth Affirmative Defense

Without assuming the burden of proof, Plaintiff was compensated for all hours worked in excess of 40 hours in any particular workweek (as Plaintiff herself reported her time worked) at a rate not less than that set forth by the overtime provisions of the FLSA.

### Thirteenth Affirmative Defense

Without assuming the burden of proof, Defendant complied with all record-keeping requirements of the FLSA.

### Fourteenth Affirmative Defense

The Plaintiff's claims are estopped by the submission of her own time records, for which Defendant compensated her for all overtime worked and claimed.

### Fifteenth Affirmative Defense

The alleged time for which Plaintiff seek compensation is irregular as well as practically and administratively difficult to record.

### Sixteenth Affirmative Defense

Plaintiff has failed to mitigate her alleged damages.

Case No. 18-cv-22227-FAM

### Seventeenth Affirmative Defense

Plaintiff is not entitled to any recovery in this action because she was, and is, exempt from the minimum wage and/or overtime requirements of the FLSA, pursuant to 29 U.S.C. § 213 (a)(15) as an employee employed on a casual basis in domestic service employment to provide babysitting services.

### Eighteenth Affirmative Defense

Plaintiff's claims are barred by the doctrines of waiver, estoppel and/or laches.

### Nineteenth Affirmative Defense

Some or all of Plaintiff's claims are barred by accord and satisfaction, settlement and/or payment and release.

### Twentieth Affirmative Defense

Defendant's actions were in good faith conformity with and/or reliance on administrative regulation, order, ruling, approval, interpretation, or practice of the Department of Labor.

### Twenty First Affirmative Defense

Plaintiff's claims are barred by the doctrine of after-acquired evidence of Plaintiff's wrongdoing that would have resulted in the employee's termination had Defendant known of the conduct.

### Twenty Second Affirmative Defense

Plaintiff's action is barred because she seeks to recover for time that is *de minimus* work time and thus not compensable under the FLSA.

### **RESERVATION TO ASSERT ADDITIONAL AFFIRMATIVE DEFENSES**

Defendant reserves the right to assert further affirmative defenses as they become evident through discovery investigation.

Case No. 18-cv-22227-FAM

## DEMAND FOR ATTORNEY'S FEES AND COSTS

Defendant requests that this Court award her reasonable attorney's fees and costs incurred in defending Plaintiff's action pursuant to any law on which Plaintiff claims entitlement to recover her attorney's fees and costs from Defendant.

## DEMAND FOR JURY TRIAL

Defendant demands trial by jury on any issue so triable.

Respectfully submitted,

THE BOBADILLA LAW FIRM
Attorneys for Plaintiff
20900 NE 30th Avenue, Suite 800
Aventura, FL 33180
Telephone: 786.446.8643
Facsimile:  786.446.8641
fernandob@bobadillafirm.com

By:  */s/ D. Fernando Bobadilla, Esq.*
      D. Fernando Bobadilla, Esq.
      Fla. Bar No. 0136948

Case No. 18-cv-22227-FAM

## CERTIFICATE OF SERVICE

      I hereby certify that on this 23d day of July 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                              By:  *s/ D. Fernando Bobadilla*
                                                  D. Fernando Bobadilla, Esq.

## SERVICE LIST

J.H. Zidell, Esq.
J.B. Zidell, P.A.
Attorney For Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
E-mail: zabogado@aol.com