UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 18-cv-22227-FAM

SILVIA JANET BELTALMIO,
an individual,

       Plaintiff,

v.

DAIANA BAJUK, an individual, and
JAVIER MARKOWICZ, an individual,

       Defendant.

## DEFENDANTS' MOTION FOR PROTECTIVE ORDER

    Defendants, DAIANA BAJUK ("Bajuk"), and JAVIER MARKOWICZ ("Markowicz), by and through their undersigned counsel hereby file this Motion for Protective Order and in support thereof state as follows:

    1.    Plaintiff, a former domestic live-in housekeeper (see Amended Complaint [DE 9] at ¶ 9) brings this two (2) Count action alleging Defendants (husband and wife employers) did not pay her the wages required by federal (Count I) and Florida statutes (Count II). Defendants have answered and bring no counterclaims.

    2.    The Court has entered its Scheduling Order [DE 22] setting trial for the two-week trial period commencing February 12, 2018, a discovery cut-off of October 26, 2018 and a deadline to amend pleadings of September 4, 2018.

3. Plaintiff served written discovery[1] on Defendants, responses to which are not due until September 5, 2018.

4. Plaintiff insisted on taking Defendants' deposition in the month of August 2018 even though she would not have the benefit of discovery responses.

5. Accordingly, on August 8, 2018 Plaintiff filed her Notice of Deposition of both Defendants to proceed on August 22, 2018, after undersigned counsel confirmed Defendants' availability for deposition on that day.  A copy of Plaintiff's Notice is attached hereto as Exhibit "A."

6. Undersigned counsel, who has been sick with a bad cold this entire week, made a mistake in confirming Defendants' availability.  Defendants are in fact UN-available because they will be in Mexico during a family vacation on that date.

7. Defendants requested that Plaintiff re-notice the depositions and proposed one of the following twelve (12) September 2018 dates: September 7, 12, 13, 14, 15, 16, 17, 24, 25, 26, 27, or 28, 2018.

8. Plaintiff's counsel, Neil Tobak, Esq., agreed to re-notice the depositions but rejected any of the dates offered insisting that the depositions proceed before September 3, 2018 because the deadline to amend pleadings is September 4, 2018.  Plaintiff would agree, however, if Defendants agreed to a magistrate trying this case (which Defendants do not) and Defendants joined in a Motion to extend all scheduling deadlines for four (4) months (which Defendants believe is unnecessary in this simple action).

9. Plaintiff's counsel have adopted a scorched earth strategy in this litigation

---

[1] Request for Production, Interrogatories, and Request for Admissions.

vexatiously multiplying the proceedings [2] and pushing for depositions even though Plaintiff will be unprepared; this, while also communicating their intent to take follow up party depositions when documents are subsequently received.

10. Moreover, and shockingly, Plaintiff's counsel have adopted a strategy of harassing not only Defendants but also undersigned counsel. See Rivkah Jaff, Esq. July 26, 2018 E-mail ("Obviously, based on your response you intend to accrue fees and costs unnecessarily and make it more difficult to settle for your client as any money they would have for settlement purposes will be lining your pockets.")[3]; Rivkah Jaff, Esq. August 9, 2018 E-mail ("It's a good thing we sent our written discovery to Defendants since it appears that you mostly copied and pasted our discovery.")[4]; and Neil Tobak, Esq. August 9, 2018 ("I'm not sure what insults you are referring to, Ms. Jaff was just pointing out the obvious, i.e. your RFPs and rogs are eerily similar if not the same to the ones we sent you, she was not intending to insult."), all attached hereto as Composite Exhibit "B." Undersigned challenges Plaintiff's counsel to produce any communication where undersigned hurls similar vitriol.[5]

---

[2] See Plaintiff's Opposition to an enlargement of time DE [11] and Defendants' Reply [DE 13] (extension granted DE [14]); see also Plaintiff's "Notice" regarding Defendants' Statement of Claim (in reality Motion for Default Sanctions) DE [16] and Defendants' Motion for extension regarding Statement of Claim [DE 17] (extension granted DE [18]).

[3] The exhibit has been redacted to protect any supposed settlement confidentiality. Plaintiff's other counsel Neil Tobak, Esq. was copied on this communicated but has never expressed any issue with it.

[4] Plaintiff's counsel takes issue with Defendants requesting the same discovery material that Plaintiff requests.

[5] See Local Rules of The United States District Court For The Southern District Of Florida General Rules Introductory Statement ("Members of the bar and the Court are proud of the long tradition of courteous practice in the Southern District of Florida. Indeed, it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of

11.     Defendant Markowicz is a lawyer managing his busy law practice with existing pre-existing professional time commitments. Defendant Bajuk works and also cares for two (2) minor children. Because of work responsibilities and their family vacation prior to the commencement of their childrens' school, Defendants are not available for deposition during the three (3) weeks that remain in August 2018.

## Memorandum of Law

A motion for protective order under Rule 26 is the proper remedy to an objection to another party's discovery requests or methods. <u>Thomas v. Tenneco Packaging Co.</u>, 293 F.3d 1306 (11th Cir. 2002). Rule 26(c), in relevant part, provides as follows:

> Protective Orders. Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (1) that the disclosure or discovery not be had; (2) <u>that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place</u>; . . . .

Fed.R.Civ.P. 26(c) (emphasis added).

Defendant Markowicz is a lawyer managing his busy law practice with existing pre-existing professional time commitments. Defendant Bajuk works and also cares for two (2)

---

cooperation, professionalism, and civility. . . . ."); <u>see</u> also <u>Chapter 4. Florida Rules of Professional Conduct Preamble: A Lawyer's Responsibilities</u> ("A lawyer, as a member of the legal profession, is a representative of clients, an officer of the legal system, and a public citizen having special responsibility for the quality of justice. . . . A lawyer should use the law's procedures only for legitimate purposes and not to harass or intimidate others. A lawyer should demonstrate respect for the legal system and for those who serve it, including judges, other lawyers, and public officials.")

minor children.  Because of work responsibilities and their summer family vacation prior to the commencement of their childrens' school, Defendants are not available for deposition during the three (3) weeks that remain in August 2018.

Accordingly, Defendants respectfully request a protective Order that their depositions not be taken until a date after September 6, 2018.  Given Plaintiff's stated reason for insisting on earlier depositions, Defendants would not object to Plaintiff's motion to extend the deadline to amend Plaintiff's pleading until the day after Plaintiff takes Defendants' depositions in September 2018.  This Motion is filed in good faith and not for purposes of delay or for any other improper purpose.

WHEREFORE, Defendants, DAIANA BAJUK, and JAVIER MARKOWICZ respectfully request a protective Order as requested herein and such other and further relief as the Court deems just and proper.

## CERTIFICATION OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel certifies that he requested Plaintiff's consent to the relief requested herein but Plaintiff's counsel refused to consent.

Respectfully submitted,

THE BOBADILLA LAW FIRM
Attorneys for Plaintiff
20900 NE 30th Avenue, Suite 800
Aventura, FL 33180
Telephone: 786.446.8643
Facsimile:  786.446.8641
fernandob@bobadillafirm.com

By:  */s/ D. Fernando Bobadilla, Esq.*
       D. Fernando Bobadilla, Esq.
       Fla. Bar No. 0136948

Case No. 18-cv-22227-FAM

## CERTIFICATE OF SERVICE

      I hereby certify that on this 10th day of August 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                            By:  *s/ D. Fernando Bobadilla*
                               D. Fernando Bobadilla, Esq.

## SERVICE LIST

J.H. Zidell, Esq.
J.B. Zidell, P.A.
Attorney For Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
E-mail: zabogado@aol.com