UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-22227-FAM

SILVIA JANET BERTALMIO,           )
                                  )
           Plaintiff,             )
    vs.                           )
                                  )
DAIANA BAJUK,                     )
JAVIER MARKOWICZ,                 )
                                  )
           Defendants.            )
_____)

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER [DE24]

COMES NOW the Plaintiff, by and through the undersigned, and files his Response in Opposition to Defendants' Motion for Protective Order, filed as [DE24], and in support thereof states as follows:

1. The instant lawsuit was filed in the United States District Court for the Southern District of Florida and sounds under the Fair Labor Standards Act ("FLSA") and Florida Minimum Wage Act/Florida Constitution/Florida law ("FMWA") for minimum wage violations.

2. On August 6, 2018, the Court entered a Scheduling Order [DE22]. Per the Court's Scheduling Order [DE22], the deadline to join additional parties or to amend pleadings is September 4, 2018. The deadline to complete all discovery, including expert discovery, is October 26, 2018. *Id.* Thus, from the date of the issuance of the Court's Scheduling Order [DE22], the Parties have less than a month to conduct discovery prior to the amendment deadline and just over two (2) months to conduct discovery.

3. Plaintiff commenced conferral efforts to schedule Defendants' depositions on August 6, 2018, immediately following the Court's entry of the Scheduling Order [DE2].

4. On August 8, 2018, Defense Counsel confirmed Defendants availability: "As per your request for August 2018 deposition dates, my clients and I are available for their depositions on Wednesday August 22, 2018". *See,* Exhibit "A". Shortly thereafter, Plaintiff served Defendants, by and through their counsel, with the Notice of Deposition for the mutually agreed upon date.

5. On August 9, 2018, Defense Counsel noted that "he wasn't firing on all pistons" and that the Defendants were not actually available "until September 12 - 17, 2018 and the week of September 24, 2018", more than 6 weeks after the start of discovery and a mere four to five weeks prior to the end of discovery. *See,* Exhibit "A".

6. In order to accommodate Defendants and their Counsel, Plaintiff noted that "Defendants deposition needs to occur prior to Sept. 4, the deadline to amend, so that **should information discovered through deposition testimony necessitate the Plaintiff's need to amend, we would have sufficient time to do so**". [emphasis added].

7. At no point throughout conferral were Defendants amenable to Plaintiff's attempt to accommodate Defendants re-notice of a properly noticed deposition. The undersigned Counsel has from the outset attempted to resolve the issue raised by Defense Counsel regarding the properly noticed and agreed upon date for Defendants' deposition, however Defense Counsel has refused to cooperate.

8. It is abundantly clear by the attached conferral emails that Plaintiff's Counsel made every effort to work cooperatively with Defendants and their counsel while simultaneously not prejudicing Plaintiff. Plaintiff has proposed consenting to the Magistrate to obtain a new Scheduling Order thereby allowing the Parties more flexibility with scheduling issues and possibly alleviate time constraints set by the current Scheduling Order [DE22].

9. The last email by and between counsel, prior to Defense counsel rushing to file a Motion,

makes it clear that Plaintiff's counsel is more than willing to accommodate the defense so long as the deadlines are met and Plaintiff is not prejudiced; Defense counsel has failed to offer any alternative solutions but rather has resorted to mud-slinging.

10. Plaintiff's Counsel's hands are tied as they have made numerous offers of alternative ways to resolve the issue of setting the Defendants' depositions prior to the amendment deadline. Defendants are being unbending and unreasonable resulting in vexatiously multiplying proceedings and running up fees and costs unnecessarily.

11. Under Fed.R.Civ.P 26(c), a protective order may be granted if a deposition would annoy, embarrass, oppress or put undue burden on a party. *Ahearn v. Rescare W. Va.*, 208 FRD 565 (SD W. Va. 2002).

12. As discussed more fully below, Defendants have failed to demonstrate good cause as to why the depositions should not proceed as Noticed or in the alternative prior to the Amendment deadline set forth by the Court in [DE22].

13. Therefore, Plaintiff respectfully requests this Court deny all relief sought by Defendants with regards to their Motion for Protective Order [DE24] and enter an awarding Plaintiff's Counsel all fees and costs incurred with responding to this Motion and all related work.

## MEMORANDUM OF LAW

<u>Defendants Have Failed To Demonstrate Good Cause As To Why A Protective OrderShould Be Entered.</u>

The party seeking the protective order has the burden of showing that good cause exists by stating particular and specific facts. *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 (1981).[1]

---

[1] "Good cause" is a well established legal phrase. *In re Alexander Grant & Co. Litigation*, 820 F.2d 352, 356 (11thCir. 1987). Although difficult to define in absolute terms, it generally signifies a sound basis or legitimate need to take judicial action. *Id.* In a different context, the Eleventh Circuit court has identified four factors for ascertaining the existence of good cause

Federal Rule of Civil Procedure 26(c) specifically instructs the court to limit the frequency or extent of discovery if justice so requires to protect a party or witness from annoyance, embarrassment, oppression, or undue burden or expense. Rule 26(b)(1) instructs the court to limit the frequency or extent of discovery if:

> (i) the discovery sought is unreasonably cumulative or is obtainable from a more convenient or less burdensome or expensive source, (ii) the party seeking the discovery has had ample opportunity to obtain the information, or (iii) the discovery is unduly burdensome or expensive taking into account the circumstances of the particular case.

*Steven Baicker-McKee*, *Federal Civil Rules Handbook*, 411 (1998 ed.). "The burden is upon the movant to show the necessity of [a protective order's] issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998). In other words, the party seeking the protective order must show good cause by demonstrating a particular need for protection. *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986). Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test. *See id.* (citing *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5thCir. 1978) (requiring "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements")). Moreover, the alleged harm must be significant, not a mere trifle. *See Cipollone*, 785 F.2d at 1121 (citing *Joy v. North*, 692 F.2d 880, 894 (2d Cir. 1982)).

Defendants have failed to demonstrate good cause as to why Defendants should not have to appear for deposition as noticed as set forth *supra* or in the alternative be deposed prior to the

---

which include "[1] the severity and the likelihood of the perceived harm; [2] the precision with which the order is drawn; [3] the availability of a less onerous alternative; and [4] the duration of the order." *Kleiner v. First Nat'l Bank of Atlanta*, 751 F.2d 1193, 1205 (11thCir. 1985). In addition, the Eleventh Circuit has superimposed a "balancing of interests" approach to Rule 26(c). *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11thCir. 1985).

amendment deadline set forth by this Court in [DE22]. It should be noted, Plaintiff did **not** unilaterally set the depositions but rather cleared said date with Defense Counsel, after conferring with Counsel as to his and his clients' availability for same. Further, Plaintiff's Counsel has made all efforts to attempt to resolve the issues and Defense Counsel has been uncooperative, unbending, and utterly unreasonable. Plaintiff's Counsel has offered numerous alternatives so as to allow the depositions to go forward but also to ensure that the Plaintiff is not prejudiced and Defense Counsel has done nothing but set road block after road block in an effort to thwart Plaintiff's ability to litigate this matter.

> Pursuant to Rule 37(a)(4)(A);
>
>> …the Court **shall**, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court find that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objections was substantially justified, or that other circumstances make an award of expenses unjust.

Plaintiff respectfully requests Defendants' Motion [DE24] be denied in its entirety and Plaintiff be awarded all attorney's fees incurred in responding to Defendants' Motion [DE24]. Defendants' Motion [DE24] was a waste of Court resources and vexatiously multiplied Court proceedings unnecessarily. Defense Counsel failed to provide alternative means of resolving the pending issues that would not prejudice the Plaintiff by wasting more than half the limited discovery period due to Defendants' "busy work" schedule, and its behavior should not be condoned. Should these depositions not go forward as noticed or prior to the Court's amendment deadline it would frustrate Plaintiff's ability to establish record evidence to present to the Jury and Plaintiff cannot let the discovery burn-out and prejudice Plaintiff's case.

The depositions are set to occur on August 22, 2018, commencing at 10:00 a.m. at the undersigned Firm, Plaintiff intends to proceed with the depositions as noticed. *See Palma v. Safe Hurricane Shutters, Inc.,* No. 07-22913-CIV, 2009 WL 653305 (S.D. Fla. Mar. 12, 2009)(wherein the Court entered a paperless Order staying all depositions scheduled for the Plaintiffs until the Court ruled on Plaintiff's Motion for Protective Order (DE# 78)). The filing of a motion for a Protective Order does not excuse the movant from complying with the discovery requested. *SeeDiscovery Practice in the United States District Court Middle District of Florida,* § VI B; *See also, King v. Fidelity National Bank of Baton Rouge,* 712 F.2d 188, 191 (5th Cir.1983) (per curiam), *cert. denied* 465 U.S. 1029, 104 S.Ct. 1290, 79 L.Ed.2d 692 (1984); *In re Skyway Development Corp.,* 67 B.R. 674, 677 (Bankr.M.D.Fla.1986); *Williams v. Am. Tel. & Tel. Co.,* 134 F.R.D. 302, 303 (M.D. Fla. 1991).

WHEREFORE, PLAINTIFF RESPECTFULLY REQUESTS THIS COURT DENY ALL RELIEF SOUGHT BY DEFENDANTS WITH REGARDS TO THEIR MOTION FOR PROTECTIVE ORDER [DE24] AND AWARD PLAINTIFF'S COUNSEL ALL FEES AND COSTS INCURRED IN RESPONDING TO THIS MOTION AND ALL RELATED WORK.

    Respectfully submitted,

    J. H. ZIDELL, P.A.
    ATTORNEYS FOR PLAINTIFF
    300-71ST STREET, SUITE 605
    MIAMI BEACH, FLORIDA 33141
    305-865-6766
    305-865-7167

    By:_s/ Neil Tobak, Esq. ___
    Neil Tobak, Esquire
      Florida Bar No.: 093940

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED VIA EMAIL 8/10/18 TO:**

**Diego Fernando Bobadilla, Esq.**
**Bobadilla & Associates, PA**
**175 SW 7th St., Suite 1617**
**Miami, FL 33130**
**Ph: (786) 446-8643**
**Fax: (786) 446-8641**
**Email: fernandob@bobadillafirm.com**

**BY:__/s/____Neil Tobak_____**
         **NEIL TOBAK, ESQ.**