UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-22227-CIV-FAM

SILVIA JANET BERTALMIO,      )
                             )
           Plaintiff,        )
    vs.                      )
                             )
DAIANA BAJUK,                )
JAVIER MARKOWICZ,            )
                             )
           Defendants.       )
_____)

**PLAINTIFF'S NOTICE OF DEFENDANTS' NON-COMPLIANCE WITH [DE35] AND [DE39]**

COMES NOW the Plaintiff, by and through undersigned, and files this Notice of Defendants' Non-Compliance with the Court's Orders [DE35] and [DE39], and states as follows:

1. The instant lawsuit was filed in the United States District Court for the Southern District of Florida and sounds under the Fair Labor Standards Act ("FLSA") and Florida Minimum Wage Act/Florida Constitution/Florida law ("FMWA") for minimum wage violations.

2. On August 6, 2018, the Court entered a Scheduling Order [DE22] wherein the deadline to complete all discovery, including expert discovery, was October 26, 2018. *Id.* Thereafter, on October 1, 2018, the Court *sua sponte* reviewed the record, and entered an Order continuing and revising pretrial deadlines. [DE40]. The deadline to complete discovery, including expert discovery, is March 8, 2018. *Id.*

3. On August 6, 2018, Plaintiff propounded her initial discovery on Defendants, by and through her counsel, all contained in one PDF document, including Plaintiff's First Request for Admissions, First Request for Production, and First Set of Interrogatories. *See,* [DE33-1]. As such, Defendants responses came due on September 5, 2018.

4. Upon Motion, Defendants were given through to October 5, 2018, to respond to Discovery – thus Defendants had approximately sixty (60) days – thirty (30) days in excess of the proscribed Rules – to respond to Plaintiff's written discovery requests. [DE35]; *See also,* [DE39]. Per the Court's Order, Plaintiff's Motion for Sanctions [DE33] was denied with leave to refile if Defendants failed to respond by October 5, 2018.

5. On October 5, 2018, Defendants served the attached responses to discovery. *See,* Exhibit "A." Defendant's "Responses" are blatantly in bad faith on Defendants' part. Defendants have made generalized form objections and have failed to comply with Fed. R. Civ. P. 33 and 34 by setting forth the question, the specific grounds of objecting to the request, identifying whether documents exist. Defendants conduct is abhorrent and Defendants and their Counsel should be sanctioned for such blatant disregard for the discovery rules.

6. Further, Local Rule 26.1(e) states in part:

> (e) Interrogatories and Production Requests. (1) Each interrogatory objection and/or response must immediately follow the quoted interrogatory, and no part of an interrogatory shall be left unanswered merely because an objection is interposed to another part of the interrogatory. (2)(A) Where an objection is made to any interrogatory or subpart thereof or to any production request under Federal Rule of Civil Procedure 34, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be waived.

7. As evidenced by Defendants' Responses to Plaintiff's First Request for Production, Defendants have failed to comply with the Local Rules.

8. Defendants provided unverified interrogatory responses which are tantamount to not responding to said Interrogatories. Requiring a party to sign interrogatory responses under oath serves the critical purpose of ensuring that the responding party attests to the truth of the responses. *Knights Armament Co. v. Optical Sys. Tech., Inc.*, 254 F.R.D. 463, 467 (M.D. Fla.

2008). An attorney's communication, e-mail or otherwise, does not do that, even assuming, *arguendo*, that the attorney's statements provide information responsive to the interrogatory. It is axiomatic that unsworn, unverified answers to interrogatories are infirm, necessitating an order compelling compliance with the FRCP. Therefore, Defendants' responses to interrogatories are **untimely**, in violation of the Court's Orders [DE35] and [DE39], and all objections should be deemed waived.

9.  Plaintiff respectfully requests that this Honorable Court take Notice, direct Defendants to respond to Plaintiff's initial discovery in compliance with the applicable Rules and the Court's Orders [DE35] and [DE39], including First Request for Production and First Set of Interrogatories, without objections, within five (5) days of this Court's Order and produce all responsive documents, and find that Defendants' objections to the discovery requests have been waived for Defendants' failure to timely respond. Lastly, Plaintiff respectfully requests this Court enter an Order awarding Plaintiff's counsel all fees in relation to the filing of the instant Motion and all related work, to file a motion quantifying all fees related to the above, and for the Court to retain jurisdiction to enforce same – Plaintiff intends to continued to confer with Defense counsel and will formally move to compel and for sanctions, as necessary and as appropriate.

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFF
300-71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141
305-865-6766
305-865-7167

By:_s/ Rivkah F. Jaff, Esq. ___
Rivkah F. Jaff, Esquire
Florida Bar No.: 107511

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS SENT VIA CM/ECF ON 10/8/18 TO:**

**D. FERNANDO BOBADILLA, ESQ.**
**THE BOBADILLA LAW FIRM**
**20900 NE 30 AVENUE, SUITE 800**
**AVENTURA, FL 33180**
**PH: (786) 446-8643**
**FAX: (786) 446-8641**
**EMAIL: FERNANDOB@BOBADILLAFIRM.COM**

**BY:___/s/___Rivkah Jaff_____**
**RIVKAH JAFF, ESQ.**